UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL L. SANDERS,

        Petitioner,

v.

LESLIE RYDER,

        Respondent.

Case No. C00-5564RJB

ORDER GRANTING
CERTIFICATE OF APPEALABILITY

This matter comes before the Court on the Petitioner's Request for a Certificate of Appealability. Dkt. 142. The Court has reviewed the pleadings filed in support of and in opposition to the Request for a Certificate of Appealability and the record herein.

PROCEDURAL HISTORY

This case is on remand from the Ninth Circuit Court of Appeals. *Sanders v. Ryder,* 342 F.3d 991 (9th Cir. 2003). Pursuant to the remand, U.S. Magistrate Judge J. Kelley Arnold conducted an evidentiary hearing from September 7, 2004 to September 17, 2004. On December 10, 2004, Judge Arnold filed a Report and Recommendation, recommending denial of Sanders habeas petition. Dkt. 133. On February 24, 2005, this Court issued an Order adopting the Report and Recommendation, finding that Sanders failed to establish his counsel was constitutionally ineffective. Dkt. 139. Petitioner has now appealed to the U.S. Court of Appeals for the Ninth Circuit.

STANDARD FOR GRANTING A CERTIFICATE OF APPEALABILITY

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a

ORDER
Page - 1

Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (*quoting Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack* at 1604.

### DISCUSSION

This Court dismissed the petition because it found that Sanders failed to establish his counsel was constitutionally ineffective. Dkt. 139. The petition was denied on the merits, and not on procedural grounds. *Id.* Although this Court did not believe that Sanders' ineffective assistance of counsel claim warranted habeas relief, the record supports the notion that jurists of reason "could debate whether, or agree that, the petition should have been resolved in a different manner." *Slack* at 1603-04. Moreover, the issue presented is "adequate to deserve encouragement to proceed further." *Id.* The Certificate of Appealability should be granted.

### ORDER

Accordingly, it is hereby **ORDERED** that petitioner's motion for a Certificate of Appealability (Dkt. 142) is **GRANTED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 14th day of April, 2005.

Robert J. Bryan
United States District Judge